UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:24-CR-00570-WLH |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING |
| v. | DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL |
| CLAIRE PATRICIA HAVILAND, et al., | INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL |
| CLAIRE PATRICIA HAVILAND (1), BRIAN GLENN EKELUND (2), | INFORMANT INFORMATION |
| STEVEN MICHAEL SILVERBERG(5), CORY DANIEL SIMS (7), | |
| ROBERT M. SLAYTON (11), MICHAEL VITANZA (12), | |
| PAUL JOHN PICHIE (13), GUY MANNING WILLS (15), | |
| CHARISSA MARIE CHOTARD (16), JULIE ANN ROMERO (17), | |
| CYNTHIA VAN VLYMEN (18), PAGET GARY EKELUND (21), | |
| SCOTT JOSHUA VENNUM (22), MICHAEL ANTHONY CHATTERTON | |
| (23), CHRISTOPHER CRAIG (25), GABRIELA IBARRA (26), | |
| RICHARD KEVIN RILEY (29), ADAM L. RODNEY (32), | |
| CHRISTOPHER PATRICK POLLAY (34), TARA JANE BECKWITH | |
| (36),ALBERT ETHAN EKLUND (42), CIARA JACOBS (44), | |
| ROBERT ANTHONY BAKER (46), JAMES ALLEN THAEMERT (51), | |
| DAVID MITCHELL SHAPIRO (52), SEAN CRAIG GLUCKMAN (53), | |
| CHRISTOPHER MARK PREVEDELLO (56), HENISI UTSLER (59), | |
| REBEKA ANNA BENEDICT (60), TANYA NURRIA RESNICK (64), | |
| Defendants. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information, Medical Information, Privacy Act

Information, and Confidential Informant Information, filed by the government and defendants CLAIRE PATRICIA HAVILAND (1), BRIAN GLENN EKELUND (2), STEVEN MICHAEL SILVERBERG (5), CORY DANIEL SIMS (7), ROBERT M. SLAYTON (11), MICHAEL VITANZA (12), PAUL JOHN PICHIE (13), GUY MANNING WILLS (15), CHARISSA MARIE CHOTARD (16), JULIE ANN ROMERO (17), CYNTHIA VAN VLYMEN (18), PAGET GARY EKELUND (21), SCOTT JOSHUA VENNUM (22), MICHAEL ANTHONY CHATTERTON (23), CHRISTOPHER CRAIG (25), GABRIELA IBARRA (26), KEVIN RILEY (29), ADAM L. RODNEY (32), TARA JANE BECKWITH (36), ALBERT ETHAN EKLUND (42), CIARA JACOBS (44), JAMES ALLEN THAEMERT (51), DAVID MITCHELL SHAPIRO (52), SEAN CRAIG GLUCKMAN (53), CHRISTOPHER MARK PREVEDELLO (56), HENISI UTSLER (59), REBEKA ANNA BENEDICT (60), and TANYA NURRIA RESNICK (64), ("defendants") in this matter on or about October 23, 2024, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.    The government's discovery in this case relates to defendants' alleged crimes, that is, violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy; 21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances; 18 U.S.C. § 1349: Conspiracy To Commit Bank Fraud; 18 U.S.C. § 1344: Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(2): Possession with Intent to Distribute and Distribution of Controlled Substances; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(c)(1)(A): Possess a Firearm in Furtherance of a Drug Trafficking

Crime; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 2(a): Aiding and Abetting.

2.   A protective order for the discovery is necessary so that the government can produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses, the Court finds that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3.   A protective order for the discovery is also necessary so that the government can produce to the defense materials containing third parties' PII and medical information.  The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  The medical information at issue may also be subject to various federal laws protecting the privacy of medical records, including provisions of the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because the government has an ongoing obligation to protect third parties' PII and medical information, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order.  Moreover, PII and medical information make up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all

this information in strict compliance with Federal Rule of Criminal

Procedure 49.1, the Central District of California's Local Rules

regarding redaction, and the Privacy Policy of the United States

Judicial Conference, the defense would receive a set of discovery

that would be highly confusing and difficult to understand, and it

would be challenging for defense counsel to adequately evaluate the

case, provide advice to defendant, or prepare for trial.

4.    An order is also necessary because the government intends

to produce to the defense materials that may contain information

within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

Information").  The Court finds that, to the extent that these

materials contain Privacy Act information, disclosure is authorized

pursuant to 5 U.S.C. § 552a(b)(11).

5.    The purpose of this Protective Order is therefore to

(a) allow the government to comply with its discovery obligations

while protecting this sensitive information from unauthorized

dissemination, and (b) provide the defense with sufficient

information to adequately represent defendant.

6.    Accordingly, the discovery that the government will

provide to defense counsel in the above-captioned case will be

subject to this Protective Order, as follows:

a.    As used herein, "CI Materials" includes any

information relating to a confidential informant's or cooperating

witness's prior history of cooperation with law enforcement, prior

criminal history, statements, or any other information that could be

used to identify a confidential informant or cooperating witness,

such as a name, image, address, date of birth, or unique personal

identification number, such as a Social Security number, driver's

license number, account number, or telephone number.

b.    As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c.    "Medical Materials" includes any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

d.    "Confidential Information" refers to any document or information containing CI Materials, PII Materials, or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e.    "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys who may be consulted regarding the case (including counsel for other parties, and their defense team members, who have been granted access to the Confidential Information); (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

f.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium

(such as DVD or hard drive) or simply label a digital folder on the
digital medium to cover the content of that digital folder.  The
government may also redact any PII contained in the production of
Confidential Information.

      g.   If defendant objects to a designation that material
contains Confidential Information, the parties shall meet and
confer.  If the parties cannot reach an agreement regarding
defendant's objection, defendant may apply to this Court to have the
designation removed.

      h.   Defendant and the Defense Team shall use the
Confidential Information solely to prepare for any pretrial motions,
plea negotiations, trial, and sentencing hearing in this case, as
well as any appellate and post-conviction proceedings.

      i.   The Defense Team shall not permit anyone other than
the Defense Team to have possession of Confidential Information,
including defendant, while outside the presence of the Defense Team.

      j.   Notwithstanding the above, defendant may see and
review CI Materials only in the presence of a member of the Defense
Team, who shall ensure that defendant is never left alone with any
CI Materials.  At the conclusion of any meeting with defendant at
which defendant is permitted to view CI Materials, defendant must
return any CI Materials to the Defense Team, who shall take all such
materials with him or her.  Defendant may not take any CI Materials
out of the room in which defendant is meeting with the Defense Team.
At no time, under no circumstance, will any Confidential Information
be left in the possession, custody, or control of defendant,
regardless of defendant's custody status.

k.    Defendant may review PII Materials and Medical Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials or Medical Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials or Medical Materials, defendant must return any PII Materials or Medical Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any PII Materials or Medical Materials out of the room in which defendant is meeting with the Defense Team.

l.    Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

m.    The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present whenever any CI Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if PII Materials or Medical Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of the requirements of the Protective Order and a Defense Team member must document such.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

n.    The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  Materials shall not be left unattended in any vehicle.

o.    To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

p.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

q.    Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order

shall be subject to the terms of this Protective Order.  If
Confidential Information was inadvertently produced prior to entry
of the Protective Order without being marked "CONFIDENTIAL
INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government
shall reproduce the material with the correct designation and notify
defense counsel of the error.  The Defense Team shall take immediate
steps to destroy the unmarked material, including any copies.

r.   If any Confidential Information contains both CI
Materials and another category of Confidential Information, the
information shall be handled in accordance with the CI Materials
provisions of this Protective Order.

s.   Confidential Information shall not be used by any
member of the defense team, in any way, in any other matter, absent
an order by this Court.  All materials designated subject to the
Protective Order maintained in the Defense Team's files shall remain
subject to the Protective Order unless and until such order is
modified by this Court.  Within 30 days of the conclusion of
appellate and post-conviction proceedings, defense counsel shall
return CI Materials to the government or certify that such materials
have been destroyed.  Within 30 days of the conclusion of appellate
and post-conviction proceedings, defense counsel shall return all
PII Materials or Medical Materials, certify that such materials have
been destroyed, or certify that such materials are being kept
pursuant to the California Business and Professions Code and the
California Rules of Professional Conduct.

t.   In the event that there is a substitution of counsel
prior to when such documents must be returned, new defense counsel
must be informed of, and agree in writing to be bound by, the

requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or Medical Materials; and (2) returning to the government or certifying the destruction of all CI Materials.

1       u.   Defense counsel shall advise defendant and all

2  members of the Defense Team of their obligations under the

3  Protective Order and ensure their agreement to follow the Protective

4  Order, prior to providing defendant and members of the Defense Team

5  with access to any materials subject to the Protective Order.

6       IT IS SO ORDERED.

7

8  _____        _____
   DATE                                  HONORABLE WESLEY L. HSU
9                                        UNITED STATES DISTRICT JUDGE

10 Presented by:

11

12  _/s/_____
   JEREMIAH LEVINE
13 Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28